RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice
950 Penn Ave., NW, Room 2718
Washington, DC 20530

JAMES R. MacAYEAL
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611

TODD W. GLEASON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 23986
Washington, DC 20026-3986

THOMAS P. O'BRIEN
United States Attorney
Central District of California
1200 U.S. Courthouse
312 N. Spring St.
Los Angeles, CA 90012

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>RIVERTON PROPERTIES, INC.<br>and the JOAN W. GREGG<br>REVOCABLE TRUST,<br><br>          Defendants | **CV08-03196 ABC (MANx)**<br><br>CIVIL ACTION NO. _____<br><br>**CONSENT DECREE** |

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

4820-8636-0066.1

1

## TABLE OF CONTENTS

2   I. BACKGROUND .................................................... 1

3   II. JURISDICTION ................................................... 2

4   III. PARTIES BOUND ................................................ 2

5   IV. DEFINITIONS ................................................... 2

6   V. GENERAL PROVISIONS ........................................... 6

7   VI. PAYMENTS FOR RESPONSE COSTS ................................. 8

8   VII. FAILURE TO COMPLY WITH CONSENT DECREE ..................... 13

9   VIII. COVENANTS BY PLAINTIFF ................................... 15

10  IX. RESERVATION OF RIGHTS BY UNITED STATES ..................... 15

11  X. COVENANTS NOT TO SUE BY SETTLING DEFENDANTS ................. 16

12  XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION .............. 18

13  XII. RETENTION OF RECORDS ....................................... 19

14  XIII. ACCESS TO INFORMATION ..................................... 20

15  XIV. NOTICES AND SUBMITTSIONS ................................... 22

16  XV. RETENTION OF JURISDICTION ................................... 23

17  XVI. INTEGRATION AND APPENDICES ................................ 23

18  XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ............... 24

19  XVIII. SIGNATORIES/SERVICE ...................................... 24

20  XIX. FINAL JUDGMENT ............................................. 25

21

22

23

24

25

26

27

28

4820-8636-0066.1

# I. BACKGROUND

A.     The United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), has filed a complaint in this matter against Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust ("Settling Defendants"), pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607;

B.     The United States in its complaint against Settling Defendants seeks, inter alia: payment of costs incurred by EPA in responding to a release and a threatened release of hazardous substances at and from the Preservation Aviation, Inc. Site, located at 10800 Burbank Boulevard and 5543 Riverton Avenue, North Hollywood, California (the "Site"); not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300 ("NCP");

C.     Settling Defendants have asserted a claim against the Defense Logistics Agency ("Settling Federal Agency"), seeking contribution under Section 113 of CERCLA, 42 U.S.C. § 9613;

D.     Settling Defendants and Settling Federal Agency do not admit any liability arising out of the transactions or occurrences alleged in the complaint;

E.     The United States and Settling Defendants recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter will avoid prolonged and complicated litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, it is hereby Ordered, Adjudged, and Decreed:

4820-8636-0066.1

## II. JURISDICTION

1.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §§ 9607 and 9613. This Court also has personal jurisdiction over Settling Defendants. Solely for the purposes of this Consent Decree and the underlying pleadings, Settling Defendants waive all objections and defenses that they may have to jurisdiction of the Court or to venue in this District. Settling Defendants shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2.    This Consent Decree applies to and is binding upon the United States and Settling Defendants, and their heirs, successors and assigns. Any change in ownership or corporate status of any Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter Settling Defendants' responsibilities under this Consent Decree.

## IV. DEFINITIONS

3.    Unless otherwise expressly provided herein, terms used in this Consent Decree which are defined in CERCLA or in regulations promulgated under CERCLA shall have the meaning assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

"Arm's Length Transaction" shall mean a transaction between the Settling Defendants and a purchaser of the Property, where the purchaser is not related to or on close terms with a Settling Defendant, and where there is equal bargaining

power in the transaction concerning the Property, including a transaction consummated via Public Auction. "Arm's Length Transaction" shall further mean that the Settling Defendants and a potential purchaser shall have no relationship of trust or confidence before or during the sale of the Property.

"Best Efforts" shall mean all actions reasonably necessary to facilitate and expedite the Sale of the Property in a commercially reasonable manner including, but not limited to, obtaining a written appraisal, listing the Property for sale with a broker or agent who deals with commercial and/or industrial property, and advertising the Property for sale on at least a monthly basis in a real estate publication or a newspaper of general circulation covering the region where the Property is located.

"CERCLA" shall mean the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601, *et seq*.

"Closing" shall mean the date of the Sale of the Property.

"Closing Statement" shall mean the statement provided to Settling Defendants at the Closing reflecting the Net Sale Proceeds.

"Consent Decree" shall mean this Decree and all appendices attached hereto (listed in Section XVI). In the event of conflict between this Decree and any appendix, this Decree shall control.

"Day" shall mean a calendar day unless expressly stated to be a working day. "Working day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or Federal holiday, the period shall run until the close of business of the next working day.

4820-8636-0066.1                                   3

"DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

"Effective Date" shall be the date of entry for this Consent Decree.

"EPA" shall mean the United States Environmental Protection Agency and any successor departments or agencies of the United States.

"EPA Lien" shall mean the lien on the Site recorded by EPA pursuant to Section 107(*l*) of CERCLA, 42 U.S.C. § 9607(*l*), with the Los Angeles LA County Recorder on March 21, 2005, Recording No. 05-0643328.

"Escrow Holder" shall mean Fidelity National Title Company.

"Extended Required Sale Date" shall mean a date approved by EPA pursuant to a request by Settling Defendants for an extension of the Required Sale Date.

"Financial Information" shall mean the financial statements and tax returns provided to the United States by Settling Defendants.

"Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a). The applicable rate of interest shall be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year.

"National Contingency Plan" or "NCP" shall mean the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, codified at 40 C.F.R. Part 300, and any amendments thereto.

1       "Net Sales Proceeds" shall mean the proceeds from the Sale of the Property
2 owing to Settling Defendants, after subtraction of normal closing costs, including
3 but not limited to, the payment of mortgages, liens, encumbrances, real estate
4 taxes, brokerage commissions, attorneys fees for closing, appraisals, and utility
5 bills; provided, however, that any costs associated with a Public Auction shall not
6 be subtracted if Settling Defendants sell the property by such auction after the
7 Required Sale Date.

8
9       "Paragraph" shall mean a portion of this Consent Decree identified by an
10 Arabic numeral or an upper case letter.

11       "Parties" shall mean the United States and Settling Defendants.

12
13       "Past Response Costs" shall mean all costs, including, but not limited to,
14 direct and indirect costs, that the EPA or DOJ (on behalf of EPA) has incurred and
15 paid at or in connection with the Site through the Effective Date, plus Interest on
16 all such costs which has accrued pursuant to 42 U.S.C. § 9607(a) through such
17 date.

18       "Plaintiff" shall mean the United States.

19
20       "Property" shall mean those portions of the Site owned by Settling
21 Defendants, in whole or in part, and described more particularly in Appendix B.

22       "Public Auction" shall mean an auction of the property to the highest bidder
23 conducted by a disinterested party with no connection with the Settling
24 Defendants and licensed in the State of California to conduct such a public
25 auction.

26
27       "Required Sale Date" shall mean two years from the Effective Date.

28       "Response Actions" shall mean any and all CERCLA removal or remedial

4820-8636-0066.1            5

actions and all enforcement activities related thereto.

"RCRA" shall mean the Solid Waste Disposal Act, as amended, 42 U.S.C. §§ 6901 *et seq.* (also known as the Resource Conservation and Recovery Act).

"Sale of the Property" or "Sell the Property" shall mean the transfer of a deed through an Arm's Length Transaction resulting in the conveyance of title in the Property by Settling Defendants to a buyer or buyers in exchange for United States currency.

"Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

"Settling Defendants" shall mean Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust.

"Settling Federal Agency" shall mean the United States Defense Logistics Agency.

"Site" shall mean the Preservation Aviation, Inc. Site located at 10800 Burbank Boulevard and 5543 Riverton Avenue, North Hollywood, California, and depicted generally on the map attached as Appendix A.

"United States" shall mean the United States of America, including all of its departments, agencies, and instrumentalities, which includes without limitation, EPA and the Settling Federal Agency.

## V. GENERAL PROVISIONS

4.   <u>Objectives of the Parties</u>.  The objectives of the Parties in entering into this Consent Decree are to protect public health or welfare or the environment at the Site and to resolve the claims of Plaintiff against Settling Defendants, and

1  the claims of Settling Defendants which have been or could have been asserted
2  against Settling Federal Agency, as provided in this Consent Decree.

3
4         5.     Commitments by Settling Defendants/Settling Federal Agency.

5                a.     Settling Defendants shall reimburse the United States for Past
6  Response Costs from the Net Sales Proceeds as provided in this Consent Decree,
7  but shall make a minimum payment to the United States regardless of the Net
8  Sales Proceeds.  The obligations of Settling Defendants to Sell the Property and
9  make the payment of Past Response Costs are joint and several.  In the event of the
10  insolvency or other failure of any one or more Settling Defendants to implement
11  the requirements of this Consent Decree, the remaining Settling Defendant shall
12  remain obligated to perform.

13
14                b.     Settling Federal Agency shall reimburse the EPA Hazardous
15  Substance Superfund for Past Response Costs as provided in this Consent Decree.

16         6.     Certification of Settling Defendants.  By signing this Consent
17  Decree, each Settling Defendant certifies individually, that, to the best of its
18  knowledge and belief, it has:

19
20                a.     conducted a thorough, comprehensive, good faith search for
21  documents, and has fully and accurately disclosed to EPA, all information
22  currently in its possession, or in the possession of its officers, directors,
23  employees, contractors, agents, trustees, or beneficiaries, which relates in any way
24  to the ownership, operation, or control of the Site, or to the ownership, possession,
25  generation, treatment, transportation, storage, or disposal of a hazardous
26  substance, pollutant, or contaminant at or in connection with the Site, except to the
27  extent that a Settling Defendant has asserted that certain documents or information
28  are privileged under the attorney client privilege.  If a Settling Defendant has

4820-8636-0066.1                          7

1  asserted such a privilege, Settling Defendant certifies that it has provided Plaintiff
2  with the following: (1) the title of the document, record, or information; (2) the
3  date of the document, record, or information; (3) the name and title of the author
4  of the document, record, or information; (4) the name and title of each addressee
5  and recipient; (5) a description of the contents of the document, record, or
6  information; and (6) the privilege asserted by Settling Defendant;

7
8          b.    not altered, mutilated, discarded, destroyed or otherwise
9  disposed of any records, documents, or other information relating to its potential
   liability regarding the Site after notification of potential liability or the filing of a
10 suit against it regarding the Site;
11

12         c.    made full and complete disclosure with respect to the financial
13 condition of Settling Defendants, and that the Financial Information is complete
14 and not materially misleading;

15
16         d.    fully complied with any and all EPA requests for information
17 regarding the Site pursuant to Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).

18    7.    United States acknowledges that the Settling Federal Agency is
19 subject to all applicable federal record retention laws, regulations, and policies;
20 and is in full compliance with any and all EPA requests for information pursuant
21 to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e), 9622(e).

22
23              **VI. PAYMENT OF RESPONSE COSTS**

24    8.    Settling Defendants.
25
26         a.    Sale of the Property.

27         (1)    Settling Defendants shall use Best Efforts to Sell the
28 Property by the Required Sale Date, except that Settling Defendants need not

4820-8636-0066.1                          8

1  extend Best Efforts if Sale of the Property occurs pursuant to the purchase and sale
2  agreement pending, at the time that Settling Defendants sign this Consent Decree,
3  with Pacific Valley Associates LLC or its assignee.  Settling Defendants may
4  make a request to EPA for an extension of time for the Required Sale Date in
5  writing at least thirty (30) days prior to the Required Sale Date.  If EPA agrees to
6  the extension of time, it shall notify Settling Defendants in writing of the Extended
7  Required Sale Date.  EPA's decision on the request for an extension of time shall
8  not be subject to judicial review.  If EPA denies the request for an extension,
9  Settling Defendants shall immediately make all necessary arrangements to Sell the
10 Property by the existing Required Sale Date.  If the Property or any portion of the
11 Property remains unsold by the Required Sale Date or Extended Required Sale
12 Date, Settling Defendants shall submit the Property for sale via Public Auction
13 within sixty (60) days.

14

15          (2)     At least thirty (30) days prior to any Sale of the Property,
16 Settling Defendants shall provide any prospective buyer and any closing agent or
17 closing attorney a copy of this Consent Decree, if the Consent Decree has been
18 executed by all Parties.  After entry of this Consent Decree, at least thirty (30)
19 days prior to any Sale of the Property, Settling Defendants shall provide to the
20 United States, a copy of any offers and contracts relating to the Sale of the
21 Property and Best Efforts.  After execution of this Consent Decree, Settling
22 Defendants shall provide to the United States a copy of the contract with Pacific
23 Valley Associates, LLC. relating to the Sale of the Property.  In the event of a sale
24 by Public Auction, Settling Defendants shall provide the documents identified in
25 this paragraph to the buyer and to the United States, respectively, within forty
26 eight (48) hours of the auction transaction.

27          (3)     Settling Defendants shall use an escrow account with the
28 Escrow Holder for the Closing.  Upon Settling Defendants' execution of this

4820-8636-0066.1                              9

1  Consent Decree, and prior to the closing of the transaction with Pacific Valley
2  Associates, LLC or its assignee, EPA shall deliver to the Escrow Holder an
3  executed Certificate of Release of Lien in recordable form with respect to the EPA
4  Lien. Settling Defendants shall identify the individual at Escrow Holder who is to
5  receive the Certificate of Release of Lien. Provided the Escrow Holder has
6  received all the funds due from Pacific Valley Associates, LLC or its assignee
7  pursuant to the contract for sale and purchase of the Property, and said funds are in
8  the escrow account, the Escrow Holder may record the Certificate as part of the
9  Closing. Prior to Closing, Settling Defendants shall submit instructions to said
10 Escrow Holder that no Net Sales Proceeds shall be disbursed to any party until this
11 Consent Decree has been entered. Upon entry, the Settling Defendants shall
12 submit a copy of the entered Consent Decree to Escrow Holder. Within thirty
13 (30) days of the Effective Date, the Escrow Holder shall disburse the Net Sales
14 Proceeds, as directed in the Consent Decree and pursuant to payment instructions
15 provided by the United States. If the transaction with Pacific Valley Associates,
16 LLC or its assignee is finalized and this Consent Decree is not entered for any
17 reason, the Net Sales Proceeds shall remain in the escrow account until resolution
18 of the liability of Settling Defendants to the United States with respect to the Site
19 through final judgment or subsequent settlement.

20
21         (4)     After entry of this Consent Decree, within thirty (30)
22 days of the Closing, Settling Defendants shall provide the United States with
23 copies of all documents generated in connection with the Closing, including any
24 Closing Statements, appraisals, and deeds.

25         b.     Payment Amount
26
27         (1)     Minimum Payment. Within ten (10) days of the
28 Effective Date or within thirty (30) days of the Sale of the Property, whichever

4820-8636-0066.1                          10

1  occurs later in time, Settling Defendants shall pay to the United States one million,

2  five hundred thousand dollars ($1,500,000) as payment for Past Response Costs.

3

        (2)   <u>Additional Payment.</u>  If the Net Sales Proceeds exceed

4

one million, five hundred thousand dollars ($1,500,000), the excess amount shall

5

be divided between Settling Defendants and United States, with Settling

6

Defendants retaining twenty (20) percent and the United States receiving eighty

7

(80) percent of the excess amount.  This additional payment to the United States

8

shall not exceed five hundred thousand dollars ($500,000), such that the total

9

payment to the United States shall not exceed two million dollars ($2,000,000).

10

Settling Defendants shall be entitled to the Net Sales Proceeds in excess of the

11

total payment to the United States.

12

13          c.   Payment to the United States shall be made by FedWire

14  Electronic Funds Transfer ("EFT") to the DOJ account in accordance with current

15  EFT procedures, referencing USAO File Number to be provided, EPA Site/Spill

16  ID Number 09LX, and DOJ Case Number 90-11-2-08809.  Payment shall be made

17  in accordance with instructions provided to Settling Defendants by the Financial

18  Litigation Unit of the United States Attorney's Office for the Central District of

19  California following entry of the Consent Decree.  Any payments received by DOJ

20  after 4:00 p.m. (Eastern Time) will be credited on the next business day.

21

22          (1)   At the time of payment, Settling Defendants shall send

notice that payment has been made to the United States, to EPA and to the

23

Regional Financial Management Officer, in accordance with Section XIV (Notices

24

and Submissions).

25

26          (2)   Settling Defendants shall file a notice with the Clerk of

27  the Court within ninety (90) days of the Required Sale Date or any Extended

28  Required Sale Date certifying that the Property has been sold.  If Settling

1  Defendants have not filed such a notice, the Clerk of the Court, upon request from
2  the United States, shall enter a judgment pursuant to Rule 58 of the Federal Rules
3  of Civil Procedure in favor of the United States and against Riverton Properties,
4  Inc. and the Joan W. Gregg Revocable Trust, jointly and severally, in the amount
5  of two million dollars ($2,000,000) plus Interest as of the Effective Date. The
6  judgment shall bear the caption of the case used by the Court and shall state
7  "Judgment is hereby entered in favor of the United States and against Riverton
8  Properties, Inc. and the Joan W. Gregg Revocable Trust, jointly and severally, in
9  the amount of two million dollars ($2,000,000)." Upon motion of the United
10 States to the Court, the Court may add the amount of Interest and stipulated
11 penalties to the judgment amount. In addition, if the Court enters judgment
12 because the property has not been sold, the EPA Lien shall not be released.

13
      9.      Payment by Settling Federal Agency.
14

15        a.      As soon as practicable after the Effective Date, the United
16 States, on behalf of Settling Federal Agency, shall pay to the EPA two million
17 dollars ($2,000,000), in reimbursement of Past Response Costs. The Parties to this
18 Consent Decree recognize and acknowledge that the payment obligations of
19 Settling Federal Agency under this Consent Decree can only be paid from
20 appropriated funds legally available for such purpose. Nothing in this Consent
21 Decree shall be interpreted or construed as a commitment or requirement that any
22 Settling Federal Agency obligate or pay funds in contravention of the
23 Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

24
          b.      If the payment to EPA as set forth above is not made, the
25
   appropriate EPA Regional Branch Chief may raise any issues relating to payment
26
   to the appropriate DOJ Assistant Section Chief for the Environmental Defense
27
   Section. In any event, if this payment is not made within one hundred and twenty
28

4820-8636-0066.1                          12

1  (120) days after the Effective Date, EPA and DOJ have agreed to resolve the issue
2  within thirty (30) days in accordance with a letter agreement dated December 28,
3  1998.

## VII. FAILURE TO COMPLY WITH CONSENT DECREE

10.  <u>Interest on Late Payments</u>.  If any Settling Defendant fails to make
any payment required under this Consent Decree by the required due date, Interest
shall accrue on the unpaid balance through the date of payment.

11.  <u>Stipulated Penalty</u>.

a.  If any amounts due under this Consent Decree are not paid by
the required date, Settling Defendants shall be in violation of this Consent Decree
and shall pay to EPA, as a stipulated penalty, in addition to the required Interest,
one thousand dollars ($1,000) per violation per day that such payment is late.

b.  Stipulated penalties are due and payable within thirty (30) days
of the date of the demand for payment of the penalties by EPA.  All payments to
EPA under this Paragraph shall be identified as "stipulated penalties" and shall be
made by certified or cashier's check made payable to "EPA Hazardous Substance
Superfund."  The check, or a letter accompanying the check, shall reference the
name and address of the party(ies) making payment, the Site name, the EPA
Region and Site Spill ID Number 09LX, DOJ Case Number 90-11-2-08809, and
the civil action number.  Settling Defendants shall send the check (and any
accompanying letter) to US EPA, Superfund Payments, Cincinnati Finance Center,
PO Box 979076, St. Louis, MO 63197-9000, and shall indicate that the payment is
for stipulated penalties.

c.  At the time of each payment, Settling Defendants shall also
send notice that payment has been made to the United States, to EPA and to the

1   Regional Financial Management Officer, in accordance with Section XIV (Notices

2   and Submissions).  Such notice shall reference the EPA Region and Site/Spill ID

3   Number 09LX, DOJ Case Number 90-11-2-08809, and the civil action number.

4
         d.    Penalties shall accrue as provided in this Paragraph regardless

5   of whether EPA has notified Settling Defendants of the violation or made a

6   demand for payment, but need only be paid upon demand.  All penalties shall

7   begin to accrue on the day after payment is due and shall continue to accrue

8   through the date of payment.  Nothing herein shall prevent the simultaneous

9   accrual of separate penalties for separate violations of this Consent Decree.

10

11       12.    If the United States brings an action to enforce this Consent Decree,

12   Settling Defendants shall reimburse the United States for all costs of such action,

13   including but not limited to costs of attorney time.

14

15       13.    Payments made under this Section shall be in addition to any other

16   remedies or sanctions available to Plaintiff by virtue of Settling Defendants'

17   failure to comply with the requirements of this Consent Decree.

18       14.    The obligations of Settling Defendants to pay amounts owed the

19   United States under this Consent Decree are joint and several.  In the event of the

20   failure of any one or more Settling Defendants to make the payments required

21   under this Consent Decree, the remaining Settling Defendants shall be responsible

22   for such payments.

23       15.    Notwithstanding any other provision of this Section, the United States

24   may, in its unreviewable discretion, waive payment of any portion of the stipulated

25   penalties that have accrued pursuant to this Consent Decree.  Payment of

26   stipulated penalties shall not excuse Settling Defendants from payment as required

27   by Section VI (Payment of Response Costs) or from performance of any other

28

1   requirements of this Consent Decree.

2

3                      **VIII. COVENANTS BY PLAINTIFF**

4        16.    Covenant by United States Not to Sue Settling Defendants.  Except as

5   specifically provided in Section IX (Reservation of Rights by United States), the

6   United States covenants not to sue or to take administrative action against Settling

7   Defendants pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to

8   recover Past Response Costs.  This covenant not to sue shall take effect upon

9   receipt by EPA of all payments required by Section VI, Paragraph 8 (Payment of

10  Response Costs) and any amount due under Section VII (Failure to Comply with

11  Consent Decree).  This covenant not to sue is conditioned upon the satisfactory

12  performance by Settling Defendants of their obligations under this Consent

13  Decree, including the veracity and completeness of the Financial Information

14  provided to the United States by Settling Defendants.  This covenant not to sue

15  extends only to Settling Defendants and does not extend to any other person.

16

17       17.    Covenant for Settling Federal Agency.  Except as specifically

18  provided in Section IX (Reservation of Rights by United States), EPA covenants

19  not to take administrative action against Settling Federal Agency pursuant to

20  Section 107(a) of CERCLA, 42 U.S.C. §9607(a), to recover Past Response Costs.

21  This covenant shall take effect upon receipt by EPA of all payments required by

22  Paragraph 9 of Section VI.  This covenant is conditioned upon the satisfactory

23  performance by Settling Federal Agency of its obligations under this Consent

24  Decree.  This covenant extends only to Settling Federal Agency and does not

25  extend to any other person.

26                  **IX. RESERVATIONS OF RIGHTS BY UNITED STATES**

27

28       18.    The United States reserves, and this Consent Decree is without

4820-8636-0066.1                           15

1  prejudice to, all rights against Settling Defendants and Settling Federal Agency

2  with respect to all matters not expressly included within the Covenant by the

3  United States and the Covenant for Settling Federal Agency.  Notwithstanding any

4  other provision of this Consent Decree, the United States reserves all rights against

5  Setting Defendants, and EPA reserves all rights against Settling Federal Agency

6  with respect to, and this Consent Decree is without prejudice to:

7
8         a.    liability for failure of Settling Defendants or Settling Federal

9  Agency to meet their respective obligations as set forth in this Consent Decree;

10         b.    liability for costs incurred or to be incurred by the United States

11  that are not within the definition of Past Response Costs;

12
13         c.    liability for injunctive relief or administrative order enforcement

14  under Section 106 of CERCLA, 42 U.S.C. § 9606;

15         d.    criminal liability; and

16
17         e.    liability for damages for injury to, destruction of, or loss of

18  natural resources, and for the costs of any natural resource damage assessments.

19         **X.  COVENANTS NOT TO SUE BY SETTLING DEFENDANTS**

20
21         19.    Settling Defendants hereby covenant not to sue and agree not to assert

22  any claims or causes of action against the United States, including Settling Federal

23  Agency, with respect to Past Response Costs and this Consent Decree, including,

24  but not limited to:

25         a.    any direct or indirect claim for reimbursement from the

26  Hazardous Substance Superfund (established pursuant to the Internal Revenue

27  Code, 26 U.S.C. § 9507) through CERCLA Sections 106(b)(2), 107, 111, 112, 113

28  or any other provision of law;

b.      any claims against the United States, including any department, agency or instrumentality of the United States, under CERCLA Sections 107 or 113 related to the Site;

c.      any claims arising out of response actions at or in connection with the Site, including any claim under the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law.

20.     Nothing in this Consent Decree shall be deemed to constitute preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40 C.F.R. § 300.700(d).

21.     Settling Defendants agree not to assert any claims and to waive all claims or causes of action that they may have for all matters relating to the Site, including for contribution, against any person where the person's liability to Settling Defendants with respect to the Site is based solely on having arranged for disposal or treatment, or for transport for disposal or treatment, of hazardous substances at the Site, or having accepted for transport for disposal or treatment of hazardous substances at the Site, if all or part of the disposal, treatment, or transport occurred before April 1, 2001, and the total amount of material containing hazardous substances contributed by such person to the Site was less than 110 gallons of liquid materials or 200 pounds of solid materials.

22.     The waiver in Paragraph 21 shall not apply with respect to any defense, claim, or cause of action that a Settling Defendant may have against any person meeting the above criteria if such person asserts a claim or cause of action relating to the Site against such Settling Defendant. This waiver also shall not apply to any claim or cause of action against any person meeting the above criteria if EPA determines:

1     a. that such person has failed to comply with any EPA requests for

2 information or administrative subpoenas issued pursuant to Section 104(e) or

3 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) or 9622(e), or Section 3007 of the Solid

4 Waste Disposal Act (also known as the Resource Conservation and Recovery Act

5 or "RCRA"), 42 U.S.C. § 6927, or has impeded or is impeding, through action or

6 inaction, the performance of a response action or natural resource restoration with

7 respect to the Site, or has been convicted of a criminal violation for the conduct to

8 which this waiver would apply and that conviction has not been vitiated on appeal

9 or otherwise; or

10

11     b. that the materials containing hazardous substances contributed to

12 the Site by such person have contributed significantly, or could contribute

13 significantly, either individually or in the aggregate, to the cost of response action

14 or natural resource restoration at the Site.

15     XI. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

16

17     23.   Except as provided in Paragraphs 21 and 22, nothing in this Consent

18 Decree shall be construed to create any rights in, or grant any cause of action to,

19 any person not a Party to this Consent Decree. The preceding sentence shall not be

20 construed to waive or nullify any rights that any person not a signatory to this

21 decree may have under applicable law. Each of the Parties expressly reserves any

22 and all rights (including, but not limited to, any right to contribution), defenses,

23 claims, demands, and causes of action which each Party may have with respect to

24 any matter, transaction, or occurrence relating in any way to the Site against any

25 person not a Party hereto.

26     24.   The Parties agree, and by entering this Consent Decree this Court

27 finds, that Settling Defendants and Settling Federal Agency are entitled, as of the

28 Effective Date, to protection from contribution actions or claims as provided by

4820-8636-0066.1                          18

1  CERCLA Section 113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this
2  Consent Decree.  The "matters addressed" in this Consent Decree are Past
3  Response Costs.

4
5        25.    Settling Defendants agree that with respect to any suit or claim for
6  contribution brought by it for matters related to this Consent Decree, they will
7  notify the United States in writing no later than sixty (60) days prior to the
8  initiation of such suit or claim.  Settling Defendants also agree that with respect to
9  any suit or claim for contribution brought against them for matters related to this
10  Consent Decree, they will notify in writing the United States within ten (10)  days
11  of service of the complaint on them.  In addition, Settling Defendants shall notify
12  the United States within ten (10)  days of service or receipt of any Motion for
13  Summary Judgment and within ten (10) days of receipt of any order from a court
14  setting a case for trial.

15        26.    In any subsequent administrative or judicial proceeding initiated by
16  the United States for injunctive relief, recovery of response costs, or other
17  appropriate relief relating to the Site, Settling Defendants shall not assert, and may
18  not maintain, any defense or claim based upon the principles of waiver, *res*
19  *judicata*, collateral estoppel, issue preclusion, claim-splitting, or other defenses
20  based upon any contention that the claims raised by the United States in the
21  subsequent proceeding were or should have been brought in the instant case;
22  provided, however, that nothing in this Paragraph affects the enforceability of the
23  covenants set forth in Section VIII (Covenants by Plaintiff).

24
25              **XII. RETENTION OF RECORDS**

26        27.    Until five (5) years after entry of this Consent Decree, each Settling
27  Defendant shall preserve and retain all non-identical copies of records and
28  documents (including records or documents in electronic form) now in its

4820-8636-0066.1                              19

1  possession or control or which come into its possession or control that relate in any

2  manner to its liability under CERCLA with respect to the Site, provided, however,

3  that Settling Defendants must retain, in addition, all documents and records that

4  relate to the liability of any other person under CERCLA with respect to the Site.

5  Each of the above record retention requirements shall apply regardless of any

6  corporate retention policy to the contrary.

7
8       28.    At the conclusion of this document retention period, Settling

9  Defendants shall notify the United States at least ninety (90) days prior to the

10 destruction of any such records or documents, and, upon request by the United

11 States, Settling Defendants shall deliver any such records or documents to EPA.

12 Settling Defendants may assert that certain documents, records and other

13 information are privileged under the attorney-client privilege or any other privilege

14 recognized by federal law.  If Settling Defendants assert such a privilege, they shall

15 provide the Plaintiff with the following:  (1) the title of the document, record, or

16 information; (2) the date of the document, record, or information; (3) the name and

17 title of the author of the document, record, or information; (4) the name and title of

18 each addressee and recipient; (5) a description of the subject of the document,

19 record, or information; and (6) the privilege asserted by Settling Defendants.

20 However, no documents, reports or other information which must be created or

21 generated pursuant to the requirements of the Consent Decree shall be withheld on

22 the grounds that they are privileged.

23          **XIII. ACCESS TO INFORMATION**

24
25      29.    Settling Defendants shall provide to EPA, upon request, copies of all

26 records, reports, or information (hereinafter referred to as "records") within their

27 possession or control or that of their contractors or agents relating to activities at

28 the Site, including, but not limited to, sampling, analysis, chain of custody records,

4820-8636-0066.1                           20

1 | manifests, trucking logs, receipts, reports, sample traffic routing, correspondence,

2 | or other documents or information related to the Site.

3

4 | 30.   Confidential Business Information and Privileged Documents.

5 |        a.  Settling Defendants may assert business confidentiality claims

6 | covering part or all of the records submitted to Plaintiff under this Consent Decree

7 | to the extent permitted by and in accordance with Section 104(e)(7) of CERCLA,

8 | 42 U.S.C. § 9604(e)(7), and 40 C.F.R. 2.203(b).  Records determined to be

9 | confidential by EPA will be accorded the protection specified in 40 C.F.R. Part 2,

10 | Subpart B.  If no claim of confidentiality accompanies records when they are

11 | submitted to EPA, or if EPA has notified Settling Defendants that the records are

12 | not confidential under the standards of Section 104(e)(7) of CERCLA or 40 C.F.R.

13 | Part 2 Subpart B, the public may be given access to such records without further

14 | notice to Settling Defendants.

15

16 |        b.  Settling Defendants may assert that certain records are privileged

17 | under the attorney-client privilege or any other privilege recognized by federal law.

18 | If Settling Defendants assert such a privilege in lieu of providing records, they shall

19 | provide Plaintiff with the following:  1) the title of the record; 2) the date of the

20 | record; 3) the name, title, affiliation (e.g., company or firm), and address of the

21 | author of the record; 4) the name and title of each addressee and recipient; 5) a

22 | description of the subject of the record; and 6) the privilege asserted.  If a claim of

23 | privilege applies only to a portion of a record, the record shall be provided to

24 | Plaintiff in redacted form to mask the privileged information only.  Settling

25 | Defendants shall retain all records that they claim to be privileged until the United

26 | States has had a reasonable opportunity to dispute the privilege claim and any such

27 | dispute has been resolved in the Settling Defendants' favor.  However, no records

28 | created or generated pursuant to the requirements of this Consent Decree or any

1 | other settlement with the EPA pertaining to the Site shall be withheld on the
2 | grounds that they are privileged.

3
4 |     31.    No claim of confidentiality shall be made with respect to any data,
including but not limited to, all sampling, analytical, monitoring, hydrogeologic,
5
scientific, chemical, or engineering data, or any other documents or information
6
evidencing conditions at or around the Site.
7

8 | XIV. NOTICES AND SUBMISSIONS

9
10 |     32.    Whenever, under the terms of this Consent Decree, written notice is
required to be given or a report or other document is required to be sent by one
11
Party to another, it shall be directed to the individuals at the addresses specified
12
below, unless those individuals or their successors give notice of a change to the
13
other Parties in writing.  All notices and submissions shall be considered effective
14
upon receipt, unless otherwise provided.  Written notice as specified herein shall
15
constitute complete satisfaction of any written notice requirement of the Consent
16
Decree with respect to the United States, EPA, Settling Defendants, and Settling
17
Federal Agency, respectively.
18

19 | As to the United States:    Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
20
    U.S. Department of Justice
    P.O. Box 7611
21
    Washington, D.C.  20044-7611
    Re: DJ # 90-11-2-1000/2
22

23 | As to Settling Federal Agency: Chief, Environmental Defense Section
    Environment and Natural Resources Division
24
    U.S. Department of Justice
    P.O. Box 23986
25
    Washington, D.C. 23986
    Re: DJ # 90-11-2-1000/2
26

27

28

As to EPA:                                  Chief, Superfund Emergency Response Section
                                            United States Environmental Protection Agency
                                            Region IX
                                            75 Hawthorne St.
                                            San Francisco, CA 94105
                                            Re: Preservation Aviation, Inc. Site

As to the Regional Financial Management Officer:

                                            David Wood, Chief, Cost Accounting
                                            United States Environmental Protection Agency
                                            Region IX
                                            75 Hawthorne St.
                                            San Francisco, CA 94105
                                            Re: Preservation Aviation, Inc. Site

As to Settling Defendants:                  Todd W. Showalter
                                            12325 Califa Street
                                            Valley Village, CA 91607

                                            John H. Shimada, Esq.
                                            Lewis, Brisbois, Bisgaard & Smith LLP
                                            221 N. Figueroa Street, Suite 1200
                                            Los Angeles, CA 90012

## XV. RETENTION OF JURISDICTION

33.   This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XVI. INTEGRATION/APPENDICES

34.   This Consent Decree and its appendices constitute the final, complete and exclusive agreement and understanding among the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendices are attached to and incorporated into this Consent Decree:

"Appendix A" is the description and map of the Site.

"Appendix B" is the description and map of the Property.

## XVII. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

35.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C. § 9622(d)(2), and 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate. Settling Defendants and Settling Federal Agency consent to the entry of this Consent Decree without further notice.

36.     If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any Party and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XVIII. SIGNATORIES/SERVICE

37.     Each respective undersigned representative of Settling Defendants and the United States certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.

38.     Settling Defendants hereby agree not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree unless the United States has notified Settling Defendants in writing that it no longer supports entry of the Consent Decree.

39.     Settling Defendants shall identify, on the attached signature page, the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising

4820-8636-0066.1                                24

1 under or relating to this Consent Decree.  Settling Defendants hereby agree to
2 accept service in that manner and to waive the formal service requirements set forth
3 in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of
4 this Court, including, but not limited to, service of a summons.  The parties agree
5 that Settling Defendants need not file an answer to the complaint in this action
6 unless or until the court expressly declines to enter this Consent Decree.

7
8 ### XIX.  FINAL JUDGMENT

9    40.    Upon approval and entry of this Consent Decree by the Court, this
10 Consent Decree shall constitute a final judgment between and among the United
11 States and Settling Defendants.  The Court finds that there is no just reason for
12 delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P.
13 54 and 58.

14 SO ORDERED THIS 29 DAY OF July , 20 08
15
16
17
18 _____
19 United States District Judge
20
21
22
23
24
25
26
27
28

4820-8636-0066.1                        25

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust*, relating to the Preservation Aviation, Inc. Site.

## FOR THE UNITED STATES

Date: 4/14/08

Ronald J. Tenpas
Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice
Washington, D.C. 20530


Date: 4/4/08

James R. MacAyeal
Environmental Enforcement Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611


Date: 4/14/08

Todd W. Gleason
Environmental Defense Section
Environment and Natural Resources
Division
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986_


Thomas P. O'Brien
United States Attorney

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust*, [insert civil action number], relating to the Preservation Aviation, Inc. Site.

2/26/08
Date

Keith Takata
Director, Superfund Division
U.S. Environmental Protection Agency
Region IX
75 Hawthorne St.
San Francisco, CA 94105

Jan. 25, 2008
Date

Taly Jolish
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region IX
75 Hawthorne St., ORC-3
San Francisco, CA 94105

4820-8636-0066.1

27

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust*, [insert civil action number], relating to the Preservation Aviation, Inc. Site.

**FOR RIVERTON PROPERTIES, INC.**
**AND JOAN W. GREGG**
**REVOCABLE TRUST**

12-17-07
Date

Signature: Todd W. Showalter
Name (print): Todd W. Showalter
Title: Trustee
Address: 1432 S Alpha St

Monterey, CA 91607

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print): _____
Title: _____
Address: _____
_____

Ph. Number: _____

4845-9486-1057.1

29

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust*, [insert civil action number], relating to the Preservation Aviation, Inc. Site.

**FOR RIVERTON PROPERTIES, INC. AND JOAN W. GREGG REVOCABLE TRUST**

12-20-2007
Date

Signature: *Gwynn S. Stastny*
Name (print): Gwynn S. Stastny
Title: Trustee
Address:
3836 Homeward Road
Richmond, VA 23234

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name (print):
Title:
Address:

Ph. Number:

United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust

# Appendix A



2006 Ecology and Environment, Inc.

TDD: 09-04-12-0002
Project: 0506.01RA

**Figure 1**
**SITE LOCATION MAP**
**Preservation Aviation Removal**
North Hollywood, Los Angeles County, California

United States of America v. Riverton Properties, Inc. and the Joan W. Gregg Revocable Trust

# Appendix B



Title No. 07-721100785-A-AW
Locate No. CAFNT0972-0972-0011-0721100785

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

Those portions of Lots 144 and 145 of the Property of the Lankershim Ranch Land and Water Co., in the County of Los Angeles, State of California, as per map recorded in Book 31 Page 39 et seq. of Miscellaneous Records, in the office of the County Recorder of said County, described as follows:

Beginning at a point on the Southerly line of Burbank Boulevard, shown as 80 feet wide on Map of Tract No. 1768, as per map recorded in Book 20, Page 149 of Maps, in the office of the County Recorder of said County, distant North 88° 55' 10" East 190 feet from the Northeast corner of Lot 3, Block "C" of said Tract 1768; thence parallel with the Easterly line of said Tract 1768, South 1° 39' East to a line parallel with the North line of said Lots 144 and 145, being the Northerly line of the land described in the certain agreement to convey to Jack Boyle, recorded in Book 15337 Page 227 of Official records; thence North 88° 55' 10" East along said parallel line to the Westerly line of Riverton Avenue, shown as 30 feet wide on the map of Tract No. 10203, as per map recorded in Book 147, Pages 29 and 30 of Maps, in the office of the County Recorder of said County; thence along said Westerly line to the Southerly line of said Burbank Boulevard; thence Westerly along said Southerly line to the point of beginning.

APN: 2416-014-013

2